Appeals (1) by áppellant-respondent from an order of the Supreme Court at a Trial Term, entered December 2, 1949, in New York County, which set aside a verdict of a jury in favor of plaintiff and ordered a new trial; (2) by respondent-appellant from an order of said court, entered December 16, 1949, *1023 in said county, which denied motions by defendant for a dismissal of the complaint; (3) by respondent-appellant from an order of said court, entered December 21, 1949, in.said county, which granted a motion by plaintiff for a dismissal of the counterclaim, and (4:) by appellant from a judgment of said court in favor of defendant, entered November 23, 1949, in said county, upon a dismissal of the complaint by the court at the close of the entire case.

Per Curiam.

The conflicting claims and evidence of the parties raised issues of fact for the jury. In the light of all the testimony adduced and the surrounding circumstances, the terms of the agreement should not be held conclusively to indicate any necessary interdependence of the covenants in question, and the trial court, in the first instance, left to the jury all issues, including the real intentions of the parties, as issues of fact, basic issues involving the credibility of the witnesses. The jury resolved all such issues in favor of plaintiff Binder, and sufficient evidence was adduced to support the jury’s verdict. The jury’s verdict should be reinstated.
The trial court properly dismissed the counterclaim of defendant Marcus in the first cause of action. Marcus completely failed to establish his claims that the alleged loans made by him to the corporation were made because of plaintiff’s promise to make his loan and that plaintiff’s failure to make the loan caused the company’s bankruptcy and resultant damages to Marcus.
The complaint in action No. 2 brought by Parris against Binder was also properly dismissed by the trial court. Parris wholly failed to establish that he was ready and able to deliver clear title to the stock in question and failed to establish damages.
On plaintiff Binder’s appeal in the first cause of action, the order appealed from, setting aside the jury’s verdict and directing a new trial should be reversed, with costs, the jury’s verdict in Binder’s favor should be reinstated and judgment entered thereon against defendant Marcus, with interest and costs to appellant Binder.
The order appealed from denying the motion, to dismiss the complaint in action No. 1 and the order dismissing Marcus’ counterclaim in that action should be affirmed.
The judgment in action No. 2 dismissing Parris’ complaint should be affirmed, with costs.
Peek, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ., concur. ,
On plaintiff Binder’s appeal in the first cause of action, the order appealed from, setting aside the jury’s verdict and directing a new trial unanimously reversed, with costs, the jury’s verdict in Binder’s favor reinstated and judgment is directed to be entered thereon against defendant Marcus, with interest and costs to appellant Binder. Order denying the motion to dismiss the complaint in action No. 1 unanimously affirmed. Order dismissing Marcus’ counterclaim in action No. 1 unanimously affirmed. Judgment in action No. 2 dismissing Parris’ complaint unanimously affirmed, with costs. Settle order on notice.